**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JUAN PABLO CERDA, 33564-177, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-2372-G |
| | ) | 3:05-CR-058-G (04) |
| UNITED STATES OF AMERICA, | ) | ECF |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.  Procedural background**

Movant challenges his November 18, 2005, conviction for conspiracy to distribute and possess with intent to distribute cocaine, cocaine base and marijuana and aiding and abetting. Movant did not file an appeal.

On December 12, 2006, Movant filed this motion pursuant to 28 U.S.C. § 2255.[1] Movant

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (per curiam) (holding pro se habeas petition is filed when papers are delivered to prison authorities for mailing).

Page 1

argues: (1) his sentence violates *United States v. Booker*, 543 U.S. 220 (2005)[2]; (2) his status as a deportable alien was a mitigating circumstance that was not considered; and (3) he received ineffective assistance of counsel.

On January 12, 2007, the Court ordered Movant to show cause why the motion should not be dismissed as barred by the one-year statute of limitations. On February 5, 2007, Movant filed his response. The Court now finds the motion is barred by limitations and should be dismissed.

**II.  Discussion**

**1.        Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA"). The statute provides that the limitations period shall run from the latest of:

   (1) the date on which the judgment of conviction becomes final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;
   (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2]In *Booker*, the Supreme Court extended to the Federal Sentencing Guidelines the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and reaffirmed in *Blakely v. Washington*, 542 U.S. 296 (2004), that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244; *see also, Padilla v. United States*, 416 F.3d 424, 426 n.1 (5th Cir. 200). The *Booker* Court also excised certain statutory provisions that made the Guidelines mandatory, thereby rendering them advisory only. *Booker*, 543 U.S. at 245.

   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255.

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255 (1).³ Movant's conviction became final on December 6, 2005, ten days after entry of final judgment. *See* Fed. R. App. P. 4(b)(1) and 26(a). Movant then had one year, or December 6, 2006, to file his § 2255 motion. Movant did not file his motion until December 12, 2006. His motion is therefore untimely.

**2.   Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Movant states he is entitled to equitable tolling because: (1) his attorney did not inform

---

³The Supreme Court decided *Booker* on January 12, 2005. Movant's conviction was not final until December 6, 2005. The Court therefore uses the later date of December 6, 2005, to determine the timeliness of the motion.

him about the § 2255 statute of limitations; (2) English is his second language, so he needed extra time; and (3) he was unfamiliar with the law and court procedures.  Movant's claims, however, do not entitle him to equitable tolling.

Movant's lack of familiarity with the English language does not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling.  Inability to speak or read the English language is a disability common to many incarcerated persons and as such does not warrant equitable tolling.  *United States v. Morfin*, 2007 WL 837272, *3, 3:06-CV-2410-M, 3:03-CR-424-M (N.D. Tex. 2007); *United States v. Polbo-Torres*, 2005 WL 81725, *2, 3:04-CV-1541-P (N.D. Tex. 2005).  Further, Movant's *pro se* status and lack of legal training do not justify equitable tolling.  The Fifth Circuit has held that "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling."  *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999).

Finally, Movant's claim that he is entitled to equitable tolling because his counsel failed to inform him about the § 2255 limitations period is without merit.  The Sixth Amendment does not require counsel to apprise a defendant of the availability of collateral proceedings for attacking a conviction or any limitations on the seeking of such relief.  Moreover, a prisoner does not have a right to counsel during post-conviction proceedings.  *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002).

Movant has failed to show rare and exceptional circumstances justifying equitable tolling.  His § 2255 motion should be denied.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the motion to correct, vacate or

set-aside sentence pursuant to 28 U.S.C. § 2255 be dismissed as barred by limitations.

Signed this 11th day of April, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).